# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DANIEL WATKINS**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15 C 11093 |
| **OFFICER KOLASA**, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Daniel Watkins ("Watkins"), a pretrial detainee in custody at the Cook County Department of Corrections ("County Jail"), has utilized the printed form of Complaint under the Civil Rights Act, Title 42 Section 1983 ("Section 1983") to sue Deputy Sheriff Kolasa for an asserted violation of Watkins' constitutional rights by having subjected him to gratuitous and excessive force. This Court's initial screening of Watkins' Complaint pursuant to 28 U.S.C. § 1915A(a)[1] has disclosed that it clearly states a viable claim and meets the "plausibility" requirement imposed by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).[2] Accordingly this Court grants Watkins' In Forma Pauperis Application ("Application") provisionally and is entering an initial scheduling order contemporaneously with the issuance of this memorandum order.

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

[2] At this threshold stage this Court credits Watkins' allegations, although of course it makes no factual findings of its own.

There are however some matters that should be attended to in the interim. For one thing, the Application fails to include the information essential to enable this Court to make the calculation called for by Section 1915(b)(1) -- that is, a certified copy of Watkins' trust fund account statement showing all transactions in his trust fund account at the County Jail (and at any other correctional institutions where he may have been in custody) during the period from June 1, 2015 through December 9, 2015. In that respect the Certificate dated November 4, 2015 and signed by the County Jail's authorized officer (although the officer's printed signature is difficult to make out, the last name appears to be Gauthier) has crossed out the printed reference to "six months" and replaced it with a "(1)." If then the County Jail is the only correctional institution where Watkins was in custody during the six-month period referred to above, the printout from the County Jail alone will do the job.

Although this Court will seek to have court personnel request such a printout, past experience has found that such efforts can run into a County Jail requirement that the request must come from the prisoner himself, so that Watkins is urged to institute his own request promptly. In any event the printout should contain a reference to this action's Case No. 15 C 11093 and should be directed to:

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago, IL 60604.

In addition to that statutory requirement, which if satisfied would call for Watkins to pay the filing fee in installments, he should give consideration to seeking legal assistance. Again experience teaches that all the participants in federal litigation -- the plaintiff, the defendant and the court -- are better served when plaintiff has legal representation, and this District Court can

designate a member of its trial bar to provide such representation if a pro se prisoner plaintiff such as Watkins qualifies for in forma pauperis ("IFP") treatment as requested in the Application.

In that respect the Court of Appeals requires that an IFP applicant must undertake some effort to get a lawyer on his own, and this Court is transmitting to Watkins, together with a copy of this memorandum order, three copies of a court form to be used for that purpose. Watkins should complete that form, most importantly by filling in the answer to paragraph 2, and transmit two counterparts to the Clerk's Office at the address indicated above, retaining a copy for his own records.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 15, 2015