IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL WATKINS,                )
                               )
                Plaintiff,     )
                               )
        v.                     )   Case No. 15 C 11093
                               )
OFFICER KOLASA,                )
                               )
                Defendant.     )

## MEMORANDUM ORDER

This Court's December 15, 2015 memorandum order ("Order"), issued in connection with the pro se Complaint brought by Cook County Department of Corrections ("County Jail") pretrial detainee Daniel Watkins ("Watkins"), (1) granted his In Forma Pauperis Application ("Application") provisionally, (2) contemporaneously entered an initial scheduling order, (3) called on Watkins to provide the trust fund account information called for by 28 U.S.C. § 1915(b)(1)[1] and (4) concluded by suggesting that Watkins give consideration to seeking legal assistance. Watkins has now responded by providing a printout of all transactions in his trust fund account at the County Jail during the six months preceding the "mailbox rule" date of filing of his Complaint -- a printout that revealed that the relevant time frame was from October 3 through December 3, the only two months during that six-month period when he had been in custody -- together with a Motion for Attorney Representation ("Motion") prepared on the

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C."

Clerk's-Office-supplied form that this Court had transmitted to Watkins together with a copy of the Order.

As for the Application, it confirms that the average monthly deposit to Watkins' trust fund account during that two-month period (see Section 1915(b)(1)(A)) amounted to $257.50, 20% of which (id.) is $51.50. Accordingly Watkins is assessed that initial partial filing fee of $51.50, and the County Jail trust fund officer is ordered to collect that amount from Watkins' trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department.

After such payment the trust fund officer at the County Jail (or at any other correctional facility where Watkins may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Watkins' name and the 15 C 11093 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

As for the Motion, however, Watkins' hand-printed response to its Paragraph 2 question regarding contacts with "attorneys/organizations seeking representation" says only:

> Several organization, etc.

That generalized response does not comply with the more specific showing that our Court of Appeals requires and that this Court had contemplated when it spoke to that issue in the final paragraph of the Order. No extensive detail as to a pro se prisoner plaintiff's efforts to obtain counsel on his own is necessary, but Watkins should list the names of at least one or two of the places where he has sought help. For that purpose this Court is again sending three copies of a blank form to Watkins, and as soon as a suitable response is filed this Court anticipates obtaining the designation of a member of this District Court's trial bar to assist Watkins in pursuing his lawsuit.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 25, 2016