# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **DANIEL WATKINS**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15 C 11093 |
| **OFFICER KOLASA**, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

This Court has made every effort to assist pro se pretrial detainee Daniel Watkins ("Watkins") in his effort to obtain legal assistance:

1. Its December 15, 2015 memorandum order ("Order I") dealing with his self-prepared Complaint originally concluded by suggesting that Watkins give consideration to seeking legal assistance and, to that end, transmitted to him copies of the Motion for Attorney Representation ("Motion") in the Clerk's-Office-supplied form.

2. When Watkins then returned copies of the Motion, his hand-printed response to its Paragraph 2 question regarding contacts with "attorneys/organizations seeking representation" failed to provide any specifics that would satisfy our Court of Appeals' requirement of the type of showing that must be made by any pro se litigant seeking counsel representation -- see that court's en banc opinion in Pruitt v. Motz, 503 F.3d 647, 654-55 (7th Cir. 2007). Accordingly this Court issued a

January 25, 2016 memorandum order ("Order II") that, while granting Watkins leave to proceed in forma pauperis, (a) specified the manner in which Watkins' then-tendered Motion had to be revised and resubmitted and (b) again sent him three copies of the Clerk's-Office-supplied form.

3. After some four weeks had elapsed since the issuance of Order II with no response coming from Watkins, this Court denied his then pending Motion (Dkt. No. 7) in a brief February 23, 2016 memorandum order ("Order III") that had reviewed the bidding briefly.

4. Now, fully five months later, Watkins has filed still another Motion on the same form -- but this time his hand-printed effort (or lack of effort) has left the key Paragraph 2 totally blank!

This Court cannot hold Watkins' hand while he completes (or more accurately fails to complete) the Motion form, and there is no ascertainable reason to play nursemaid for him. Indeed, it is noteworthy that Paragraph 5 of Watkins' original Motion filed back in December 2015 declared that "his highest level of education" was "some college."

So the current Motion is once again denied, and that denial will not be reconsidered absent some persuasive showing that explains Watkins' repeated failure to follow clear directions. Although self-representation by a nonlawyer is admittedly a difficult task, Watkins will have to go it alone (for which purpose defense counsel is directed to make arrangements for his telephonic participation in future status hearings).

_____
Milton I. Shadur
Senior United States District Judge

Date: August 4, 2016